IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Ketteler, ) | |
| ) | Civil Action No. 2:11-2864-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Serco, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that the Court grant Defendant's motion for summary judgment. (Dkt. No. 37). For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge.

**Background**

Plaintiff filed this employment discrimination action on October 21, 2011, asserting causes of action for sex discrimination under Title VII of the Civil Rights Act of 1964 (as amended); age discrimination under the Age Discrimination in Employment Act ("ADEA"); and disability discrimination under the Americans with Disabilities Act ("ADA"). (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. On August 27, 2012, Defendant filed a motion for summary judgment regarding all of Plaintiff's claims. (Dkt. No. 29). Plaintiff then filed a response (Dkt. No. 32) and Defendant filed a reply (Dkt. No. 35). The Magistrate Judge then issued a Report and Recommendation ("R&R") on January 24, 2013, recommending this Court grant Defendant's motion for summary judgment. (Dkt. No. 37). Plaintiff then filed timely objections to the R&R. (Dkt. No. 39).

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Law/Analysis

The Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. In this case, Plaintiff was 62 years old when he was terminated from his employment with Defendant, a military defense contractor. Plaintiff's position was eliminated in a reduction in force made necessary due to the winding down of the country's war in Iraq.

Plaintiff elects to proceed via the familiar *McDonnell Douglas* "pretext" framework to establish his case. As noted by the Magistrate Judge, this method properly is applied to each of Plaintiff's claims. To establish a prima facie case, a plaintiff must show: 1) he is a member of a protected class; 2) he suffered an adverse employment action; 3) at the time of the adverse action he was meeting his employer's legitimate expectations; and 4) following his discharge, the position remained open or was filled by a similarly qualified individual outside the protected class. *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006). Defendant persuasively argues that Plaintiff cannot meet the final prong of the test because Plaintiff was not "replaced," but rather his job was eliminated and his duties were assumed by existing employees. *See Jeffers v.*

2

*Larfarge N. Am., Inc.*, 622 F. Supp. 2d 303, 319-20 (D.S.C. 2008) (citing *Causey v. Balog*, 162 F.3d 795 (4th Cir. 1998)) (finding fourth prong not established in ADEA case where following reduction in force plaintiff's job duties were transferred to another employee). However, Plaintiff objects that prior to his dismissal Defendant hired a new employee which then allowed the existing employees to take over his job. Taking the evidence in the light most favorable to Plaintiff, the Court agrees with the Magistrate Judge that there is a genuine issue of fact regarding whether Plaintiff was "replaced."

Finding the prima facie case established, the Magistrate Judge next examined whether Plaintiff could establish that the legitimate nondiscriminatory reason proffered by Defendant, financial necessity, was actually pretext for discrimination. The Court agrees with the Magistrate Judge that Plaintiff failed to meet his burden. To show that a reason proffered by an employer is a pretext for discrimination, the employee may show that the "proffered reason is not worthy of belief." *Williams v. Staples, Inc.*, 372 F.3d 662, 669 (4th Cir. 2004); *see also Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004) (noting that a plaintiff can prove pretext by showing the explanation is "unworthy of credence" or by offering "other forms of circumstantial evidence sufficiently probative" of discrimination). However, it is not the province of the court to consider whether the reason for the employer's decision was "wise, fair, or even correct, ultimately so long as it truly was the reason for the plaintiff's" termination. *Dugan v. Albermarle Cnty. Sch. Bd.*, 293 F.3d 716, 722 (4th Cir. 2002).

To establish pretext, Plaintiff argues that eliminating his position saved the company only a relatively small amount of money. (Dkt. No. 39 at 7). The Court agrees with the Magistrate Judge that this argument is insufficient to create a genuine issue of fact regarding pretext. *See Shipe v. Haverford Twp.*, No. 09-719, 2010 WL 571836, at *7 (E.D. Pa. Feb. 16, 2010) (stating

3

plaintiff's argument that his termination had a de minimus impact on employer's budget is improper "second-guessing" and not sufficient to establish pretext). Further, the record contains little evidence tending to suggest discrimination. Plaintiff has pointed to no remarks indicating Defendant's animus toward a protected characteristic. (Dkt. No. 29-3 at 40). Moreover, in implementing the reduction in force at issue, the other employee who was terminated was a 26-year-old non-disabled female. (Dkt. No. 29-3 at 41). The record also clearly shows that budgetary constraints were a serious problem for Defendant. Indeed, Plaintiff testified that overhead charges "were extremely high, to the point where it was throwing a lot of our jobs, many of our jobs in the red." (Dkt. No. 29-3 at 33). Therefore, considering the evidence in a light most favorable to Plaintiff, the Court finds Plaintiff fails to create a genuine issue of fact whether Defendant's legitimate nondiscriminatory reason for his termination was actually pretext for discrimination.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 37). Accordingly, Defendant's motion for summary judgment is granted. (Dkt. No. 29).

_____
Richard Mark Gergel
United States District Court Judge

February 13, 2013
Charleston, South Carolina

4